**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

STUART WEBER, an individual, on his own
behalf and on all others similarly situated,

       Plaintiff,
vs.                                                                                    **CLASS REPRESENTATION**

USAA GENERAL INDEMNITY COMPANY,

       Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Stuart Weber (or "Mr. Weber"), an individual, on behalf of himself and others similarly situated, by and through his undersigned counsel, hereby sues Defendant, USAA General Indemnity Company ("USAA"), alleging as follows:

**NATURE OF THE ACTION**

1. This is an action for contractual and declaratory relief against USAA, seeking redress for their routine and systematic failure to pay for the cost of repairing or replacing damaged windshields without application of their insureds' deductible pursuant to the applicable provisions of the Florida Statutes and the terms of their own automobile policies.

2. Plaintiff asserts claims seeking declaratory and injunctive relief regarding the legality and propriety of the conduct of USAA in failing to pay for the cost of repairing or replacing damaged windshields without applying a deductible.

1

3. This improper and illegal conduct has resulted in USAA shifting some or all of the cost of windshield repairs and replacements to its insureds in direct contradiction of its insuring agreements and the Florida Statutes. In turn, this conduct forms the basis of declaratory and injunctive relief claims.

4. At all relevant times, Florida Statutes section 627.7288 has prohibited motor vehicle insurance carriers from applying the deductible provisions of any motor vehicle insurance policy to the cost of repairing or replacing damaged windshields.

5. Accordingly, at all relevant times USAA's motor vehicle insurance contracts have consistently provided that USAA will "pay for the cost of repairing or replacing damaged windshields on covered vehicles without a deductible."

6. Notwithstanding this uniform contractual commitment and the provisions of section 627.7288, USAA has routinely and systematically failed to pay the full cost of windshield repair and replacement in direct and flagrant violation of its insuring agreements and the Florida Statutes. Instead, USAA has routinely and systemically required its insureds to bear some or all the cost of windshield repairs and replacements by applying deductibles when claims are made.

**PARTIES JURISDICTION AND VENUE**

7. Plaintiff, Stuart Weber ("Mr. Weber"), is a resident of the State of Florida and at all material times was a USAA insured under a policy of insurance issued by USAA. A copy of the policy is attached as **Exhibit "A"**.

8. At all times material, USAA has been a foreign corporation and has been registered with the Florida Department of Financial Services, Office of Insurance Regulation and authorized to conduct an insurance business in the State of Florida.

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C.§§1331 and 1332(d). Plaintiff is a citizen of Florida, and the putative Class is comprised of citizens of Florida; and the Defendant is a corporate citizen of the State of Texas. The amount sought exceeds $5,000,000.00.

10. All conditions precedent to the bringing of this action have either occurred or have been excused by the Defendant.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Defendant resides in and does business in this District.

## **FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF**

12. On or about September 11, 2017, Stuart Weber owned a certain 2009 Mazda 5 Sport van ("the Insured Auto"), which was insured by USAA under a policy of insurance, Policy No. 025425058 ("the Policy").  The Policy was in effect for the period including September 11, 2017.

13. Pursuant to the Policy, the Insured Auto was covered for certain losses, including comprehensive loss from hurricanes and windstorms.

14. On or about September 11, 2017, the Insured Auto owned by Mr. Weber and insured by USAA was damaged as a result of Hurricane Irma when extreme winds caused a tree branch to break through the windshield.

15. Immediately following the loss, Mr. Weber contacted USAA to report the loss and damage claim, request that USAA assess the repair costs and provide the applicable insurance benefits under the terms of the Policy.

16. Mr. Weber also submitted photographs of the damages to the Insured Auto to USAA.

17. In response, USAA'S insurance adjuster compiled a repair estimate, a copy of which is attached as **Exhibit "B."**

18. As reflected in Exhibit B, USAA determined that repair costs totaled $1,219.35, including $335.08 (plus tax) for replacement of the Insured Auto's windshield.

19. On September 16, 2017, after adjusting Mr. Weber's claim, USAA made an electronic payment to Mr. Weber in the amount of $219.35 after applying the $1,000 policy deductible toward the cost of the damaged windshield in direct contradiction to the provision of the Policy and Florida Statutes section, 627.7288.

20. USAA has consistently refused to pay the full cost of the damaged windshield, and its representatives have confirmed that the payment made is consistent with the company's systemic and uniform claims handling practices.

21. Mr. Weber has fulfilled his obligations under the above-described auto policy including, but not limited to, the timely paying of any premiums due, the submission of proofs of loss and any other information required by USAA in a manner acceptable to USAA.

## CLASS ACTION AND CLASS REPRESENTATION ALLEGATIONS

22. The causes of action alleged below, for declaratory and injunctive relief and for contractual damages, are appropriate for class action treatment and class certification pursuant to

the governing and applicable rules of civil procedure, including Federal Rules of Civil Procedure 23(b)(1)(a), 23(b)(2), 23(b)(3) and 23(c)(4).

23. This action is uniquely appropriate as a class action pursuant to Rule 23(b)(2), Fed. R. Civ. P. because Plaintiff seeks declaratory and injunctive relief for the entire Class arising out of actions undertaken by USAA, or failures to act, on grounds generally applicable to the Class as a whole.

24. The entitlement of Plaintiff and the Class to this relief will turn on application of existing, unambiguous statutory language to uniform insurance policy forms, as implemented by practices, policies, and procedures of USAA.

25. The monetary relief sought by the Class for contractual damages likewise turns on the application of readily identifiable and objectively determinable facts and standards derivable from data and documents maintained by or on behalf of USAA.

26. This action is also appropriate for class certification under Rule 23(b)(3) because the questions of law and fact common to the Plaintiff and the Class far more than predominate over issues affecting individual members of the Class, and resolution of these issues within a class action is the superior and manageable method to achieve fair and efficient adjudication of this controversy.

27. Plaintiff is a member of the Class described in paragraph 29 below, and properly alleges this claim on his behalf, and on behalf of the Class Members who are similarly situated, against the Defendant.

28. The members of the Class are readily identifiable from documents maintained by or on behalf of USAA, thus permitting any appropriate notice to the Class and convenient case

management by the Court.

29. The Plaintiff properly alleges the causes of action below on his own behalf and on behalf of the following Class:

All persons and /or entities who in the four years preceding this action were:

   a. Covered insureds under a motor vehicle insurance policy issued by USAA in the State of Florida; and

   b. USAA failed to pay less than the full cost of repair or replacement of the windshield on a motor vehicle covered under a USAA motor vehicle insurance policy by applying the deductible provisions of the policy.

### NUMEROSITY

30. The precise number of Class Members is presently unknown to Plaintiff. However, research of publicly available information indicates that in 1999 the combined total of automobile insurance policies issued by USAA Casualty Insurance Company and United Service Automobile Association in Florida, exceeded 230,000. It is expected that the number of Class members will total in the hundreds, if not thousands. On information and belief the number of Members in the Class alleged is, therefore, so numerous that joinder of individual Class Members is impracticable and inconsistent with the orderly and efficient administration of justice, and contrary to the public good. Joinder would also be contrary to the efficient use of scarce judicial resources, contrary to the public good and inconsistent with the orderly and efficient administration of civil justice between and among civil litigants.

### COMMONALITY

31. The overriding claim presented by Plaintiff and the Class is founded on the

question of whether the policies and practices of USAA in applying deductibles toward the cost of windshield repair and replacement violates the provisions of USAA's motor vehicle policies and the applicable Florida Statutory provision and is unenforceable as contrary to the public policy of Florida. These overriding claims raise the following common issues of fact and law:

   a. Whether Plaintiff and the Class are entitled to declaratory and injunctive relief under Florida Statutes sections 86.011 and 86.021;

   b. Whether the policies and practices of USAA in applying deductibles toward the cost of windshield repair and replacement violates the provisions of USAA's motor vehicle policies;

   c. Whether the policies and practices of USAA in applying deductibles toward the cost of windshield repair and replacement violates the provisions of the applicable Florida Statute;

   d. Whether injunctive and other equitable relief is necessary or proper.

   e. Whether USAA has breached the provisions of its motor vehicle insurance agreements by applying deductibles toward the cost of windshield repair and replacement.

The specific question of the amount of damages due each Class Member can be easily resolved by resort to objective documents and data utilized by USAA in the ordinary course of business.

**TYPICALITY**

32. The class claim asserted herein by Plaintiff is typical of the claim possessed by each Class Member and is capable of being asserted by each Class Member against the Defendant.

33. Specifically, like the Plaintiff, each Member of the Class is a covered insured under a motor vehicle insurance policy issued by USAA in the State of Florida under which

7

USAA failed to pay less than the full cost of repair or replacement of the windshield on covered vehicles by applying the deductible provisions of the policy.

34. Plaintiff and each Class Member is entitled to a declaration that USAA's practice of applying deductibles toward the cost of windshield repair or replacement is contrary to Florida law and violates the provisions of the Florida Statutes and USAA's insurance policies as well as an injunction requiring USAA to pay the full cost of windshield repair and replacement under the terms and conditions set forth in Florida Statutes and USAA's own insurance policies.

35. Plaintiff and each Class Member are objectively entitled to damages as a result of USAA's failure to pay the full cost of windshield repair and replacement, which amount can be objectively established with reference to documents and data USAA maintains in the ordinary course of its business.

36. The named Plaintiff is a member of the Class he seeks to represent. The named Plaintiff's claims are typical of the claims of the Class. Specifically, the proof required of the named Plaintiff to prevail in the class claims in this action is the same as would be required of each absent Class Member.

## FAIR AND ADEQUATE REPRESENTATION OF THE CLASS

37. The named Plaintiff has a true stake in this case and will fairly and adequately represent, protect, and prosecute the interests of each Class Member and likewise has the willingness and capacity to do so.

38. The named Plaintiff is capable of fairly representing himself and the Class Members who have been similarly impacted.

39. Furthermore, Plaintiff has engaged competent counsel knowledgeable in class

actions and litigation of insurance issues.

40. Plaintiff has no interests actually or potentially adverse to those of the putative Class Members. Due to the alignment of interests, the named Plaintiff will also ensure the same degree of prosecution of the commonly held claims of the Class Members.

41. Plaintiff is a member of the Class described in paragraph 21 above and properly alleges these claims on his own behalf and on behalf of the Class Members who are similarly situated, against the Defendant.

42. The members of the Class are readily identifiable from documents maintained by USAA thus permitting any appropriate notice to the Class, as well as convenient case management by the Court.

## SPECIFIC PROVISIONS UNDER RULE 23 UNDER WHICH CERTIFICATION IS SOUGHT

### RULE 23(b)(1)

43. The nature of the Class claims for declaratory and injunctive relief and damages are ones where prosecuting separate actions by each individual class member creates a very real risk of inconsistent and varying adjudications with respect to the individual class members. Inconsistent results from different trial courts would provide incompatible and differing signals as to ongoing conduct by USAA issuing Florida motor vehicle policies.

44. Differing rulings from different trial courts interpreting whether USAA's windshield claims practices are lawful would not lend themselves to certainty in conduct for the Plaintiff, for Class Members, or for the Defendant.

45. If the proposed class claims were litigated separately, the Plaintiff and the

individual class members would run the risk of being bound by an adverse ruling, which might become dispositive of the interests of the individual class members or would be used as an argument to impede individual claims.

**RULE 23(b)(2)**

46.  USAA has acted or refused to act on grounds or in a manner generally applicable to all Members of the Class.

47.  The question of whether USAA's practice of failing to pay the full cost of windshield repair and replacement by applying deductibles complies with the applicable Florida statute and the provisions of USAA's own insuring agreements is a question of law that applies to all Class Members. Judicial economy is served by concentrating the litigation and resolving this question in a single action.

48.  Plaintiff, for himself and members of the Class, is seeking to correct a pervasive and ongoing wrong committed by USAA in a manner that will allow a definite and binding resolution that does not require continual re-litigation of the same issues in individual lawsuits. This will result in a benefit to all involved.

49.  Plaintiff seeks declaratory and injunctive relief requiring USAA to stop the intentional practice of applying deductibles to the cost of windshield repair and replacement in violation of the Florida Statutes and the provisions of its own insurance policies, which unfairly places the burden on policyholders to pay these costs and to undertake additional steps to obtain benefits that should be automatically available by law.

**RULE 23(b)(3)**

50.  The questions of fact and law that are common to the Plaintiff and all Sub-Class

Members include the common issues identified in paragraph 23 above.

51.     The issues common to the Class predominate.  The defined Class avoids individualized determinations in that:

a.      The existence of claims for windshield repair and replacement can be objectively determined by reference to the claims handling systems, data and documents USAA maintains in the ordinary course of its business;

b.      Identification of Class Members can be made objectively with reference to these systems, data and documents;

c.      The monetary amount due each Class Member is documented in USAA's systems, data and documents and consists simply of the amount of the insured's deductible that USAA applied toward the windshield repair or replacement;

d.      Thus, Class members' monetary claims can be objectively calculated using USAA's own records and information without reference to any individualized determinations.

52.     A class action is superior to other methods for fairly and efficiently adjudicating this controversy.  Absent a ruling from this Court with class-wide implications, USAA will continue its unfair and deceptive patterns and practices.

### RULE 23(c)(4)

53.     Alternatively, should this Court decline to certify the Class, this Court may certify a class for the purpose of resolving the question of liability, and the legality of the complained-of conduct, and thereafter proceed to address damages on a manageable individual basis.

## COUNT I
## CLASS CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

54. Plaintiff, for himself and for the members of the Class, re-alleges and incorporates herein Paragraphs 1 through 53, as if set forth fully herein.

55. This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes, which is substantive law.

56. This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86.

57. To the extent that the requested relief requires this Court to construe a statute, jurisdiction to do so is conferred by section 86.021, Florida Statutes.

58. Plaintiff, for himself and on behalf of the Class, alleges that there exists a bonafide, actual, present, and practical need for a declaration as to the rights of the parties under automobile policies providing for USAA to pay the full cost of windshield repair and replacement.

59. Plaintiff, and members of the Class, in a present, actual, and practical sense, has been affected by USAA's intentional practice of applying deductibles to the cost of windshield repair and replacement in violation of the Florida Statutes and the provisions of its own insurance policies.

60. Plaintiff, for himself and on behalf of the Class, has a reasonable expectation that the dispute, and attendant harms, regarding USAA's conduct will be ongoing into the future, will result in ongoing uncertainty regarding their rights, and accompanying future harm.

61. Plaintiff for himself and on behalf of the Class, alleges that USAA's intentional practice of applying deductibles to the cost of windshield repair and replacement violates of the

Florida Statutes and the provisions of its own insurance policies.

62. These provisions result in policyholders having to bear some if not all of the cost of windshield repairs and replacements in a way not contemplated or permitted by the Florida Statutes.

63. Plaintiff seeks a declaration that USAA's intentional practice of failing to pay the full cost of windshield repairs and replacements by applying deductibles to these costs violates the Florida Statutes and the contractual provisions of USAA's own insurance policies.

64. The dispute between the Plaintiff and the Class and USAA can be resolved from a set of readily ascertainable facts and circumstances, including the applicable policy language, the policies and practices of USAA, and the applicable Florida statute.

65. The Plaintiff and the Class, have a power, privilege, or right that is dependent on the result of this declaration, including the right to bring a breach of contract action once the conduct of USAA is determined to be contrary to Florida law.

66. All antagonistic and adverse interests are currently before this Court, or will be after a class is certified.

67. The declaratory relief sought by the Plaintiff, for himself and Class Members, is not propounded for curiosity and is not seeking mere legal advice from the Courts, but is a declaration that establishes that the conduct of USAA is unlawful.

68. The issue raised in the request for declaratory relief arises out of distinct events, specifically USAA's intentional practice of failing to pay the full cost of windshield repairs and replacements by applying deductibles to these costs in violation of the Florida Statutes and the contractual provisions of USAA's own insurance policies rather than individualized issues.

69. There is no other adequate remedy at law to address these overarching business practices, as the Florida Unfair Insurance Trade Practices Act, §626.951, et sequor, does not provide for a private cause of action.

70. As a form of supplemental relief authorized by sections 86.011(2) and 86.061, Florida Statutes, Plaintiff also seeks injunctive relief requiring USAA to cease failing to pay the full cost of windshield repairs and replacements by applying deductibles to these costs.

71. Further, Plaintiff also seeks injunctive relief requiring USAA to make full payment of windshield repair and replacement, and to reimburse policyholders for any amount paid under their deductibles. In light of the USAA's position that the complained-of conduct is proper, and the application of that position as a profitable general business practice, there is a reasonably well-grounded probability that the unlawful acts will continue.

72. For the protection of the Plaintiff and Class Members, as well as the protection of all Florida policyholders of USAA auto policies who may be subject to the same unlawful practices in the future, injunctive relief preventing additional instances of the same conduct in the future is required.

73. Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to recover a reasonable sum as fees or compensation, pursuant to Florida Statutes section 627.428.

WHEREFORE, Plaintiff respectfully requests the following relief against USAA for himself and Class Members:

    a. A declaration finding that USAA's practice of failing to pay the full cost of windshield repairs and replacements by applying deductibles to these costs violates

the Florida Statutes and the contractual provisions of USAA's own insurance policies;

  b. A declaration finding that USAA is not permitted to apply deductibles toward the cost of windshield repairs and replacements;

  c. An order disgorging the amount of windshield repair and replacement costs that USAA has failed to pay as a result of applying its insureds' deductibles and directing payment of these funds due to each affected insured;

  d. Requiring USAA to inform all policyholders who may have been affected by this improper conduct; and

  e. Awarding to the Plaintiff the costs and attorneys' fees made necessary by seeking this relief;

  f. And any other such relief the Court may deem just and proper, and further demands a trial by jury of all issues so triable.

## COUNT II
## ACTION FOR BREACH OF CONTRACT

74. Plaintiff Stuart Weber re-alleges paragraphs 1-53 as if fully stated herein.

75. The express provisions of the Plaintiff's and Class Members' automobile policies provide that USAA was under an obligation to pay the full cost of windshield repairs and replacements without application of its insureds' deductibles.

76. USAA breached the express terms of its policies by applying deductibles to the cost of windshield repair and replacement to avoid making full payment of windshield repairs and replacements for the benefit of Plaintiff and the members of the Class.

77. In addition, USAA's windshield repair and replacement practices breached its

duty of good faith and fair dealing to preserve the spirit and substance of its contractual agreement in addition to the form and letter of the agreement. USAA has evaded the spirit of its bargain with its insured and their assigns and has abused its power to specify the terms of coverage, in a manner that constitutes a lack of good faith in the performance of its contracts.

78.	Pursuant to Florida Statutes sections 627.736(9) and/or 627.428 Plaintiff is entitled to attorneys' fees and costs for prosecuting this action.

79.	WHEREFORE, Plaintiff and Class Members respectfully request entry of judgment against the Defendant for:

    a.	Damages, including paying the difference between the actual cost of the windshield repairs and replacements and the paid actually by USAA toward those costs for Plaintiff and Class Members

    b.	An award of costs and attorneys' fees made necessary by seeking this relief; and any other such relief the Court may deem just and proper, and further demands a trial by jury of all issues so triable.

Dated:  April 16, 2018

                      /s Christa L. Collins
                      CHRISTA L. COLLINS, ESQ.
                      Florida Bar # 0381829
                      Harmon Parker, P.A.
                      110 North 11th Street, 2nd Floor
                      Tampa, Florida
                      (813) 864-1762 (Telephone)
                      (813) 222-3616 (Facsimile)
                      service.clc@harmonparkerlaw.com
                      clc@harmonparkerlaw.com
                      *Lead Counsel for Plaintiff*

HOWARD W. WEBER, ESQUIRE
Florida Bar Number: 0578703
DANAHY & MURRAY, P.A.
901 West Swann Avenue
Tampa, Florida 33606
(813) 258-3600 (Telephone)
(813) 258-3321 (Facsimile)
Email: firm@danahyandmurray.com
*Co-Counsel for Plaintiff*